# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BLUEBIRD BIO, INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 1:24-cv-11674-PBS (Consolidated) |
| This Document Relates To: ALL ACTIONS | |

## STIPULATION AND [PROPOSED] ORDER TO STAY THE CASE

Plaintiffs Mantas Šimaitis ("Šimaitis") and James Syracuse ("Syracuse" and together with Šimaitis, "Plaintiffs"), defendants Andrew Obenshain ("Obenshain"), Christopher Krawtschuk ("Krawtschuk"), Richard A. Colvin ("Colvin"), John O. Agwunobi, Charlotte Jones-Burton, Elisabeth Leiderman, Nick Leschly, Richard Paulson, Najoh Tita-Reid, and Mark Vachon (together, the "Individual Defendants"), and nominal defendant bluebird bio, Inc. ("bluebird," and collectively with the Individual Defendants, "Defendants" and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS on March 28, 2024, a securities class action was filed by purported bluebird shareholder Garry Gill in this Court against bluebird, Obenshain, Krawtschuk, and Colvin, captioned *Gill v. bluebird bio, Inc.*, Case No. 1:24-cv-10803 (the "Securities Litigation");

WHEREAS on June 27, 2024, Šimaitis filed a verified shareholder derivative complaint on behalf of bluebird against the Individual Defendants, captioned *Šimaitis v. Obenshain et al.*, Case No. 1:24-cv-11674;

WHEREAS on July 8, 2024, Syracuse filed a verified shareholder derivative complaint on behalf of bluebird against the Individual Defendants, captioned *Syracuse v. Obenshain et al.*, Case No. 1:24-cv-11752;

WHEREAS on July 25, 2024, this Court entered an Order Consolidating Related Shareholder Derivative Actions and Appointing Co-Lead Counsel (ECF No. 6) which consolidated the two pending shareholder derivative actions (the "Consolidated Derivative Action");

WHEREAS both complaints underlying the Consolidated Derivative Actions were filed as "related to" the Securities Litigation;

WHEREAS this Court in the Securities Litigation entered the parties' Joint Stipulation and Scheduling Order for Responding to the Amended Complaint, pursuant to which the parties will brief a motion to dismiss by December 20, 2024;

WHEREAS the Parties agree that the proceedings in the Securities Litigation will have implications for the scope of the claims and case management of the Consolidated Derivative Action;

WHEREAS the Parties have conferred and agree that the interests of preserving resources and efficient case management would best be served by temporarily deferring all proceedings and continuing all response dates in the Consolidated Derivative Action pending a ruling on the anticipated motion to dismiss in the Securities Litigation; and

WHEREAS this Stipulation and Order is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and upon approval and entry by the Court shall be ORDERED, as follows:

1. The Consolidated Derivative Action will be stayed on the terms set forth below and unless and until (a) the Securities Litigation is dismissed, with prejudice, by this Court; or (b) the motion to dismiss the Securities Litigation anticipated above is denied in whole or in part; or (c) any of the Parties to this Stipulation and Order give a ten (10) day notice that they no longer consent to the voluntary stay of the Consolidated Derivative Action.

2. The Parties shall propose a schedule for the orderly progress of the Consolidated Derivative Action within twenty-one (21) days after the occurrence of any of the events contemplated by paragraph No. 1.

3. During the pendency of the stay, Defendants shall promptly notify Plaintiffs if a related derivative action is filed (a "Related Derivative Action"), a related litigation demand, or a related books and records demand pursuant to *8 Del. C. § 220* is made ("Related Threatened Derivative Action").

4. This Stipulation and Order shall apply to each action arising out of the same transactions and occurrences and asserting direct and/or derivative state law claims filed in this Court or transferred here, and Defendants shall assist the Court by calling to the attention of the Court the filing or transfer of any such action, and Defendants shall assure that counsel therein receive notice of this Stipulation and Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later filed related shareholder derivative actions.

5. During the pendency of the stay, Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than this stay.

6. The Parties agree that notwithstanding this stay of the Consolidated Derivative Action, Plaintiffs may file an amended complaint, though Defendants shall be under no obligation

to respond to it unless any of the events contemplated by paragraph No. 1 above have occurred. In that event, pursuant to paragraph No. 2, the Parties shall meet and confer to propose a schedule to govern Defendants' response to any such amended complaint.

7. If Defendants engage in a mediation in the Securities Litigation or any Related Derivative Action or Related Threatened Derivative Action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation and shall invite Plaintiffs to participate in that mediation.

8. Defendants shall promptly notify Plaintiffs if and when any Defendant(s) produce documents pursuant to a books and records request related to the allegations in the Securities Litigation to any holder or beneficial owner of bluebird stock, or to the plaintiffs in the Securities Litigation or in any other related stockholder derivative litigation, and shall within fourteen (14) business days thereafter provide them to Plaintiffs subject to a reasonable confidentiality agreement governing use of such documents in the Consolidated Derivative Action.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, have executed this Stipulation and [Proposed] Order as of this 19th day of September 2024:

Respectfully submitted,

| **THE BROWN LAW FIRM, P.C.** | **ROPES & GRAY LLP** |
|---|---|
| /s/ *John Coyle* | /s/ *Robert Jones* |
| John Coyle IV (BBO No. 714121) | Robert Jones (BBO No. 630767) |
| Timothy Brown | Monica Mleczko (BBO No. 696607) |
| 767 Third Avenue, Suite 2501 | Ropes & Gray LLP |
| New York, NY 10017 | Prudential Tower |
| (516) 344-5427 | 800 Boylston Street |
| jcoyle@thebrownlawfirm.net | Boston, MA 02199 |
| tbrown@thebrownlawfirm.net | (617) 951-7000 |
| | robert.jones@ropesgray.com |
| *Co-Lead Counsel for Plaintiffs* | monica.mleczko@ropesgray.com |
| | *Counsel for Defendants* |

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Eglston
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com

*Co-Lead Counsel for Plaintiffs*

**LAW OFFICE OF MICHAEL P. UTKE, LLC**
Michael P. Utke (BBO No. 687171)
P.O. Box 360
Pepperell, MA 01463
(617) 314-6600
mutke@utkelaw.com

*Liaison Counsel for Plaintiffs*

SO ORDERED this 19 day of September, 2024.

_____
Honorable Patti B. Saris
United States District Judge